Law Offices of Jason A. Steinberger, LLC
(JAS 6249)
Attorney for Plaintiff
888 Grand Concourse, Suite 1H
Bronx, NY 10451
(718)585-2833

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FELIX RAMOS aka FILIX RAMOS

                Plaintiff                                   15 CIV

           -against-                               COMPLAINT
                                                                       WITH JURY DEMAND

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, WILLIAM BRATTON, POLICE
COMMISSIONER OF THE NEW YORK CITY POLICE
DEPARTMENT, NEW YORK CITY POLICE OFFICER
ALLELUTO, SHIELD 2939 OF THE NEW YORK CITY
POLICE DEPARTMENT, NEW YORK CITY POLICE
OFFICER KAMIL PAC, SHIELD 28872 OF THE NEW
YORK CITY POLICE DEPARMENT AND NEW YORK
CITY POLICE OFFICERS JOHN DOE (names and shield
numbers of whom are presently unknown) and other
unidentified members of THE NEW YORK CITY
POLICE DEPARTMENT

                Defendants
------------------------------------------------------------------X

Plaintiff, by and through his attorney, JASON A. STEINBERGER, Esq, for his complaint, alleges upon information and belief as follows:

## INTRODUCTION

1.      Plaintiff FELIX RAMOS brings this action against the City of New York, New York

        City Police Department, William Bratton, Police Commissioner of the New York City

        Police Department, New York City Police Officer Alleluto, Shield 2939 of the New York

        City Police Department, New York City Police Officer Kamil Pac, Shield 28872 of the

New York City Police Department and Police Officers John Doe of the New York City Police Department for damages arising from violation of Plaintiffs civil rights under color of state action, Plaintiff's false arrest, false imprisonment, and other unconstitutional policies and actions, and common law negligence claims arising out of an unlawful arrest, detention and imprisonment by police on October 16, 2014.

## BASIS FOR JURISDICTION

2. Plaintiff brings this action against Defendants to redress the deprivation of rights secured him by the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. sec. 1983, and the common law.

3. Plaintiff is a citizen of New York. Each Defendant is, upon information and belief, a citizen or entity of New York State. The amount in controversy, exclusive of interest, costs, and fees, exceeds $100,000.00.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. secs. 1331, 1332, and 1343(a)(3) and 42 U.S.C. sec.1983.

5. Plaintiff also invokes supplemental jurisdiction of this Court over Plaintiff's state claims against the Defendants for common law violations pursuant to 28 U.S.C sec. 1367 as the common law claims form part of the same case or controversy.

6. Venue is proper in this district pursuant to 28 U.S.C. sec.1391.

## PARTIES:

7. Plaintiff FELIX RAMOS: The Plaintiff is a resident of the United States. Plaintiff was at all times relevant herein a resident of the State of New York, County of Kings.

8. Defendant CITY OF NEW YORK: The Defendant is a municipal corporation organized and existing under the laws of the State of New York, with a principal place of business located at 1 Centre Street, New York, New York. It is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authortized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the NEW YORK CITY POLICE DEPARTMENT.

9. Defendant NEW YORK CITY POLICE DEPARTMENT: The Defendant department is an agency created and maintained by the above municipal government.

10. WILLIAM BRATTON ("BRATTON"), the Police Commissioner of the New York City Police Department, having begun his service on January 1, 2014, was acting in such capacity at all times relevant herein. He is sued in his official capacity.

11. Defendants NEW YORK CITY POLICE OFFICER ALLELUTO, SHIELD 2939, ("ALLELUTO"), Defendant NEW YORK CITY POLICE OFFICER KAMIL PAC, SHIELD 28872, ("PAC") and NEW YORK CITY POLICE OFFICERS JOHN DOE ("DOES") was at all times relevant herein duly appointed an d acting officers, servants, employees and agents of THE CITY OF NEW YORK. Defendants ALLELUTO, PAC and DOES are and were at all times relevant herein acting under the color of law in the course and scope of their duties and functions as officers, agents, servants and employees of the defendant CITY OF NEW YORK, were acting for and on behalf of, and with the power and authority vested in them by the CITY OF NEW YORK and NEW YORK

CITY POLICE DEPARTMENT and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants ALLELUTO, PAC and DOES are sued individually and in their official capacity.

## NOTICE OF CLAIM

12. On or about June 2, 2015 notice required by Municipal Law 50-E was given to the City of New York and New York City Police Department, by personal service. Said notice set forth the facts underlying Plaintiff's claim against the City of New York, and its agents and employees. To date, no answer has been received by Plaintiff and no compensation has been offered by the City of New York or New York City Police Department.

## STATEMENT OF FACTS

13. On October 16, 2014 at approximately 9:00PM in Kings County, Plaintiff was sitting in a legally parked car with his girlfriend ALYSSA REYES ("REYES") without engaging in any unlawful conduct.

14. That ALLELUTO, PAC and DOES approached the car and ordered Plaintiff and REYES to exit the car.

15. That after Plaintiff and REYES exited the vehicle, ALLELUTO, REYES and DOES searched REYES' bag and observed several pills inside of a pill bottle that had REYES' name on it.

16. That REYES had lawful permission and authority to possess said pills in that she possessed a lawful prescription.

17. That Plaintiff was handcuffed and arrested by ALLELUTO, PAC and DOES.

18. That at no time was Plaintiff engaged in any criminal conduct.

19. That at no time was Plaintiff in possession of any narcotic pills.

20. That after Plaintiff was arrested he was transported to the 75 police precinct.

21. That when Plaintiff was transported to the 75 police precinct he was placed in a cell with other males for several hours.

22. That after being held in a cell inside of the police precinct for several hours, Plaintiff was transferred to Kings County Central Booking located at 120 Schermerhorn Street, Kings County, New York.

23. That when Plaintiff was transported to Kings County Central Booking, he was placed in a cell with other males for several hours.

24. That Plaintiff hired an attorney to represent him before he was arraigned in Kings County Criminal Court.

25. That on October 17, 2014 the Plaintiff was arraigned under the name FILIX RAMOS on docket 2014KN078466 charging him with violating Criminal Possession of a Controlled Substance in the Seventh Degree.

26. That at the time of Plaintiff's arraignment, he was released on his own recognizance and ordered to return to court on December 9, 2014.

27. That PAC lied on the Criminal Court Complaint falsely stating that a quantity of Alprazolam was "recovered from defendant's vehicle."

28. That ALLELUTO lied on the Supporting Deposition falsely stating that Alprazolam was recovered from the "center console of the vehicle."

29. That on December 9, 2014, the case against Plaintiff was dismissed upon application of the Kings County District Attorney.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITION AND 42 U.S.C § 1983

30. That Plaintiff incorporates by reference the allegations set forth in all previous paragraphs as if fully stated herein.

31. By their conduct and actions in falsely arresting and imprisoning Plaintiff, abusing process against Plaintiff, violating rights to equal protection of Plaintiff, violating rights to substantive due process of Plaintiff, fabricating an account and/or evidence concerning the arrest of Plaintiff and failing to protect plaintiff from the unjustified and unconstitutional treatment he received at the hands of the other defendants, ALLELUTO, PAC and DOES, acting under color of law and without justification, intentionally, maliciously and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of Plaintiff's constitutional rights guaranteed under 42 U.S.C. § 1983and the United States Constitution, including the First, Fourth and Fourteenth amendments.

32. As a result of the forgoing, Plaintiff was deprived of his liberty and property, experienced pain and suffering, physical, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITION AND 42 U.S.C § 1983

33. That Plaintiff incorporates by reference the allegations set forth in all previous paragraphs as if fully stated herein.

34. By the conduct in failing to remedy the wrongs committed by his subordinates, and in failing to train, supervise and/or discipline his subordinates, supervisory defendant BRATTON, caused the damage and injury in violation of Plaintiff's rights guaranteed under 42 U.S.C. §1983 and the United States Constitution including the First, Fourth and Fourteenth Amendments.

35. As a result of the forgoing, Plaintiff was deprived of his liberty and property, experienced pain and suffering, physical, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

## LIABILITY OF DEFENDANT CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

36. That Plaintiff incorporates by reference the allegations set forth in all previous paragraphs as if fully stated herein.

37. At all times material to this complaint, defendant CITY OF NEW YORK acting through its police department and through the individual defendants had de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct alleged herein.

38. At all times material to this complaint, defendant CITY OF NEW YORK acting through its police department and through the individual defendants had de facto policies, practices, customs and usages permitted and tolerated the unreasonable detention and wanton indifference to and deliberate disregard for the statutory and constitutional rights of Plaintiff, failed to train, supervise and discipline their subordinates and caused damage and injury to Plaintiff and plaintiff's rights guaranteed under 42 U.S.C. §1983 and the United States Constitution including the First, Fourth and Fourteenth Amendments.

39. At all times material to this complaint, defendant CITY OF NEW YORK acting through its police department and through the individual defendants had de facto policies, practices, customs and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and if failing to inform the individual supervisors of their need to train, screen, supervise or discipline said defendant police officers. These policies were a direct and proximate cause of the unconstitutional conduct alleged herein.

40. At all times material to this complaint, defendant CITY OF NEW YORK acting through its police department and through the individual defendants had de facto policies, practices, customs and usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officer's misconduct, through the fabrication of false accounts and evidence and/or through the "blue wall of silence." Such policies were a direct and proximate cause of the unconstitutional conduct alleged herein.

41. At all times material to this complaint, defendant CITY OF NEW YORK acting through its police department and through the individual defendants had de facto policies, practices, customs and usages of failing to implement procedures to prevent police

officers from arresting individuals who are *lawfully in possession* of controlled substances.

42. As a result of the forgoing, Plaintiff was deprived of his liberty and property, experienced pain and suffering, physical, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## JURY DEMAND

43. Plaintiff hereby demands trial by jury of all issues properly tribal thereby.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows:

1. This Court issue a declaration that defendants have violated the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States and the Civil Rights act of 1871, Title U.S.C. §1983; and

2. That the jury finds and the Court adjudge and decree that Plaintiff, FELIX RAMOS, shall recover compensatory damages in the sum of not less than One Million ($1,000,000.00) Dollars against all defendants jointly and severally.

3. Order the defendants to pay costs and attorney's fees pursuant to 42 U.S.C. §1983; and

4. Require the Defendants to pay Plaintiff punitive damages; and

5.   Order any other relief the Court deems appropriate.

Dated:  February 4, 2017

                                      Law Offices of Jason A. Steinberger, LLC

                                      Jason A. Steinberger, Esq.
                                      (JAS1019)
                                      Attorney for Plaintiff
                                      FELIX RAMOS
                                      888 Grand Concourse, Suite 1H
                                      Bronx, NY 10451
                                      (718) 585-2833

Case Number:  CIV
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**FELIX RAMOS AKA FILIX RAMOS**          Plaintiff

-against-

CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, WILLIAM BRATTON, POLICE COMMISSIONER OF THE NEW YOKR CITY POLICE DEPARTMENT, NEW YORK CITY POLICE OFFICER ALLELUTO, SHIELD 2939 OF THE NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE OFFICER KAMILM PAC, SHIELD 28872 OF THE NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE OFFICERS JOHN DOE (names and shield numbers of whom are presently unknown) and other unidentified members of the NEW YORK CITY POLICE DEPARTMENT.
                    **Defendant.**

---

## SUMMONS AND COMPLAINT

---

**LAW OFFICES OF JASON A. STEINBERGER, LLC**
888 Grand Concourse, Suite 1H
Bronx, NY 10451

---

To:
Attorney (s) for Defendant(s)

---

Service of a copy of the within                                                 is hereby admitted.

Dated:
                                        _____
                                        Attorney(s) for

---

**PLEASE TAKE NOTICE**
☐              that the within is a (certified) true copy of
☐              entered in the office of the clerk of the within named Court on
**NOTICE**
**OF ENTRY**


☐              that an Order of which the within is a true copy will be presented for settlement to the Hon.
**NOTICE OF**                        once of the Judges of the within named Court,
**SETTLEMENT**   at
                on                       200      , at           m.

Dated:
                                        JASON A. STEINBERGER, ESQ.
                                        888 Grand Concourse, Suite 1H
                                        Bronx, NY 10451

To:
Attorney(s) for